**SO ORDERED: May 15, 2006.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| OneStar Long Distance, Inc., | ) | Case No. 03-72697 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Elliot D. Levin, in his capacity | ) | |
| as Chapter 7 Trustee for OneStar | ) | |
| Long Distance, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 04-7033 |
| | ) | |
| IceNet, LLC, CTS Management, LLC, | ) | |
| and Integra Bank Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**ORDER
(1) DENYING APPLICATION FOR ENTRY OF PARTIAL DEFAULT JUDGMENT
AND
(2) DENYING MOTION TO RECONSIDER ORDER GRANTING EXTENSION OF
TIME TO ANSWER**</u>

This matter comes before the Court on the **Application for Entry of Partial Default**

**Judgment against IceNet, LLC, and CTS Management, LLC** filed by Elliot D. Levin in his capacity as the Chapter 7 Trustee for OneStar Long Distance, Inc. (The "Trustee"), on January 31, 2006. On February 3, 2006, IceNet, LLC, and CTS Management, LLC (the "Defendants"), filed their **Objection to Application for Entry of Partial Default Judgment against IceNet, LLC, and CTS Management, LLC** and their **Motion for Extension of Time to File Responsive Pleading to Amended and Restated Claim**. On February 9, 2006, the Court entered its **Order** granting the Defendants' motion for extension of time to answer the Trustee's complaint (as amended on August 23, 2004, and March 7 or 8, 2005). On February 17, 2006, the Trustee filed his **Motion to Reconsider Order Granting Extension of Time to Answer or Otherwise Respond to Amended and Restated Complaint**. After the Trustee filed his **Response to Defendants' Objection to Application for Entry of Partial Default Judgment against IceNet, LLC, and CTS Management, LLC** on February 22, 2006, and the Defendants filed their **Response of IceNet, LLC and CTS Management, LLC to Trustee's Motion to Reconsider Order Granting Extension of Time to Answer or Otherwise Respond to Amended and Restated Complaint** on March 24, 2006, the Court held a telephonic hearing on the matter on March 24, 2006.

The Court notes that no entry of judgment by default has been entered in this adversary proceeding. The disposition of the Trustee's application under Rule 7055, therefore, is within the Court's discretion. In exercise thereof the Court considered the pleadings described above and the arguments offered by counsel during the March 24, 2006, hearing in light of both the Court's familiarity with the records in this and the main case, and, particularly, the substitutions of both parties and counsel herein. In accord with the Court's preference and the strong policy underlying the Federal Rules of Civil Procedure, the Court determines that the Trustee will not be prejudiced

by allowing the Defendants to respond (as they did on February 16, 2006) and that this case should be decided on the merits. Therefore, the Trustee's **Application for Entry of Partial Default Judgment Against IceNet, LLC, and CTS Management, LLC** is **DENIED**. Accordingly, the Court's February 9, 2006, **Order** stands, and the Trustee's **Motion to Reconsider Order Granting Extension of Time to Answer or Otherwise Respond to Amended and Restated Complaint** is also **DENIED**.

###