**SO ORDERED: February 19, 2008.**



**Basil H. Lorch III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ONESTAR LONG DISTANCE, INC., | ) | CASE NO. 03-72697-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| ELLIOTT D. LEVIN, CHAPTER 7 | ) | |
| TRUSTEE, | ) | : |
|     Plaintiff, | ) | |
| v. | ) | ADV. NO. 04-7033 |
| | ) | |
| ICENET, LLC, CTS MANAGEMENT, | ) | |
| LLC, and INTEGRA BANK | ) | |
| CORPORATION, | ) | |
|     Defendants. | ) | |

**ORDER ON**
**TRUSTEE'S MOTION FOR SANCTIONS**

This matter comes before the Court on the **Trustee's Motion for Sanctions** which was filed on November 20, 2007, and the opposition thereto filed on December 7, 2007. The Court conducted a telephonic conference on the foregoing on December 10, and directed the Trustee to report to the Court as to the Defendant's compliance with the Trustee's ongoing discovery requests. The

**Trustee's Report in Support of Trustee's Motion for Sanctions** was filed on December 27, 2007.

The Trustee filed this adversary proceeding on August 6, 2004. The parties, by agreement, extended the Defendant's deadline in which to file an Answer. On January 31, 2006, however, when no answer was forthcoming, the Trustee moved for default judgment. The Court denied the Trustee's request and granted the Defendant an extension to February 16, 2006, at which time an Answer and Counterclaim was filed. On February 15, 2007, the Trustee served IceNet, LLC. ["IceNet"] with the Trustee's First Interrogatories, Request for Production of Documents and First Requests for Admissions (collectively, the "Discovery Requests"). IceNet's responses were due March 20, 2007. On April 6, 2007, IceNet filed a Motion to Extend Time to File Discovery Response. The Court granted IceNet's request, over the objection of the Trustee, and extended the discovery deadline to May 2, 2007.

When IceNet filed its Response to the Discovery Requests, counsel for the Trustee informally requested more detailed responses from IceNet's counsel. Not meeting with any success, the Trustee thereafter sought the Court's intervention on June 28, 2007, at which time the Court instructed IceNet to produce the documents responsive to the Trustee's First Requests for Production by July 12, 2007. On August 3, the Trustee filed a Motion to Compel, asserting that IceNet either failed entirely to answer certain interrogatories or answered them evasively or incompletely. At a telephonic hearing on August 22, 2007, IceNet agreed to supplement its responses and the Court directed IceNet to supplement particular responses by September 21, 2007 ["Discovery Order"]. The subject Motion for Sanctions was then filed by the Trustee on November 20, 2007, as set forth herein.

In the **Trustee's Report in Support of Trustee's Motion for Sanctions**, the Trustee complains of particular and ongoing shortcomings in IceNet's compliance with discovery requests. The Court, in its prior Discovery Order, has already issued a mandate for greater specificity in regard to several of those discovery requests, specifically, Interrogatory Nos. 2-12, 14, 16-17, and 21. The Court's Discovery Order further required that as to Interrogatory No. 8, IceNet must supplement its response such that it specifically address Request for Admission Nos. 1-3, 6,8,13,

and 17.

Having again reviewed the discovery requests, together with the responses and supplements thereto, the Court directs IceNet to rectify it's failure to attach supporting documentation or "Exhibits" as represented .[1]  The Court further notes that many of IceNet's supplemental responses, in general, provide no greater detail or specificity than the original responses.  To the extent that certain information is reasonably ascertainable and pertinent to discovery, IceNet has failed to comply with the Court's directive.[2]  Nevertheless, and to the extent that the Trustee attempts to extract in detail all facts and legal theories upon which IceNet may rely at trial, the Court finds that no further specificity is warranted.[3]

Based upon IceNet's continuing failure to produce the required information and documentation, the Court find's that a monetary sanction is appropriate.  The Court does, therefore, GRANT the Trustee's Motion for Sanctions and finds that IceNet shall pay the Trustee's reasonable expenses, including attorneys' fees, caused by IceNet's failure to comply with the Court's previous Discovery Order.  The Trustee shall submit an itemized statement of those expenses to the Court in support thereof.  Further, the Defendant shall comply with the Trustee's discovery requests as identified hereinabove within twenty (20) days of the entry of this Order or be subject to such and further sanctions as may be deemed appropriate by this Court, including the striking of Defendant's Answer and the entry of Default Judgment.

###

Distribution to all counsel.

---

[1]  See, Interrogatory Nos. 3, 7, 9, 10, 16; Request for Admission No. 6.

[2]  See, Interrogatory No. 5; Request for Admission No. 17.

[3]  See, Interrogatory Nos. 4, 8, 11, 12, 14, 21; Request for Admission Nos. 2, 3, 8, 13.